IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JERRY L. DONALDSON                                                              PLAINTIFF

v.                                  No. 6:16-CV-06070

THE KANSAS CITY SOUTHERN
RAILWAY COMPANY                                                                 DEFENDANT

**OPINION AND ORDER**

Before the Court is Defendant Kansas City Southern Railway Company's ("KCSR") motion for summary judgment (Doc. 11), Plaintiff Jerry L. Donaldson's response (Doc. 16) and supplemental response (Doc. 21), KCSR's reply (Doc. 22), and the parties' supporting documents. For the reasons set forth below, KCSR's motion will be granted.

On April 16, 2013, Mr. Donaldson alleges that he was operating a dump truck on Highway 246 in Vandervoot, Arkansas, hauling stone to Shady Lake, Arkansas, when he crossed railroad tracks owned and maintained by KCSR. Mr. Donaldson first crossed the tracks on his way to Shady Lake, with his truck pulling a trailer loaded with approximately 20 tons of field stone. He recalled that the tracks looked "real rough" and "the blacktop was buckled up, bowed up, rippled up…" (Doc. 11-2, pp. 17-18). On Mr. Donaldson's second time crossing the tracks after having dropped off the stone at Shady Lake, he was not wearing a seatbelt but claims he slowed down to approximately ten miles per hour when the "truck bounced, and I bounced up… and my head, I guess, hit—almost hit the top of truck cab. And the—it was like I'm coming down, and there was like a jolt, you know, just caught me, just jammed me." (*Id.*, p. 20). He claims that KCSR was negligent in their maintenance of the railroad crossing. As a result of the incident, Mr. Donaldson claims to have suffered permanent back injury to the point of being permanently disabled, with associated medical bills and pain and suffering.

1

KCSR's motion for summary judgment argues that Mr. Donaldson has not presented any proof that KCSR breached a duty of care or shown any proof of causation between the alleged negligence and the claimed injuries. Plaintiff counters that contrary to KCSR's supporting affidavits claiming the railroad was in good condition at the time of the incident, Mr. Donaldson's deposition gives specific details as to how the railroad tracks were not in good condition. Mr. Donaldson contends that this creates a genuine issue of material dispute such that summary judgment is inappropriate.

When a party moves for summary judgment, it must establish both the absence of a genuine dispute of material fact and that it is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986); *Nat'l Bank of Commerce of El Dorado, Ark. v. Dow Chem. Co.*, 165 F.3d 602 (8th Cir. 1999). In opposing a motion for summary judgment, Plaintiffs may not rest on allegations or denials in their pleadings but must "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). In order for there to be a genuine issue of material fact, the non-moving party must produce evidence "such that a reasonable jury could return a verdict for the nonmoving party." *Allison v. Flexway Trucking, Inc.*, 28 F.3d 64, 66–67 (8th Cir. 1994) (quoting *Anderson*, 477 U.S. at 248 (1986)). Only facts "that might affect the outcome of the suit under the governing law" need be considered. *Anderson*, 477 U.S. at 248. "[T]he non-movant must make a sufficient showing on every essential element of its claim on which it bears the burden of proof." *P.H. v. Sch. Dist. of Kan. City, Mo.*, 265 F.3d 653, 658 (8th Cir. 2001) (quotation omitted).

In this diversity case, the Court applies Arkansas substantive law. *Murray v. Greenwich Ins. Co.*, 533 F.3d 644, 648 (8th Cir. 2008) (citing *Erie R.R. v. Tompkins*, 304 U.S. 64, 78 (1938)).

"Under Arkansas law, in order to prevail on a claim of negligence, the plaintiff must prove that the defendant owed a duty to the plaintiff, that the defendant breached the duty, and that the breach was the proximate cause of the plaintiff's injuries." *Fordyce Bank & Trust Co. v. Bean Timberland, Inc.,* 251 S.W.3d 267, 270–71 (Ark. 2007). "The burden of proof is always on the party asserting negligence, as negligence is never presumed." *AutoZone v. Horton,* 192 S.W.3d 291, 295 (Ark. App. 2004).

"The issue of whether a duty [of care] exists is always a question of law, not to be decided by a trier of fact." *Crenshaw v. Arkansas Warehouse, Inc.*, 379 S.W.3d 515, 516 (Ark. App. 2010) (citation omitted). The duty owed by KCSR to Mr. Donaldson is outlined in Arkansas Code Annotated § 27-67-214. Under that statute:

> It shall be the duty of all railroad companies and the owners of tramroads whose lines intersect or cross any of the highways of the state to *improve that part of the roadway between their tracks and to the end of the cross ties on each side* with the same material, whatever practicable, with the same foundation and surface as that in the adjoining portions of the roadway and to maintain such crossings in a good state of repair.

Ark. Code Ann. § 27-67-214(b) (emphasis added). Accordingly, KCSR's duty is limited to improving only the portion of the roadway between its tracks and to the end of the cross ties on both sides.[1] *See Untiedt v. St. Louis Sw. Ry. Co.,* 440 S.W.2d 251, 255 (Ark. 1969); *Cartwright v. Burlington N. R. Co.*, 908 F. Supp. 662, 667 (E.D. Ark. 1995).

Mr. Donaldson has failed to produce any evidence to meet his burden to show that KCSR breached its duty with regards to the area between the tracks and the end of the cross ties on each

---

[1] Plaintiff argues that KCSR had a more expansive duty based on a maintenance report from 1969 that noted "[c]ars sitting to[o] close to overlay circuit on storage track. No time delay." (Doc. 21-1, p. 4). Mr. Donaldson does not provide any analytical support as to how this nearly 50 year old report establishes a more inclusive burden than that listed by statute—or is even relevant to such a determination—and thereby fails to meet his burden.

3

side. As the only witness to the alleged incident, Mr. Donaldson could not recall or describe a number of considerations vital to the success of his claim. KCSR's duty is limited to the area between the cross ties of the tracks. Yet, Mr. Donaldson could not recall seeing any of the cross ties on the day of the alleged incident. (Doc. 11-2, p. 18) ("I don't remember seeing no cross ties there."). Mr. Donaldson described the crossing as "rough" as a result of the asphalt being "above the tracks" and "buckled up, bowed up, rippled up." (Doc. 11-2, pp. 17-18). The state of the asphalt was the only condition that led Mr. Donaldson to determine that the tracks were negligently maintained, but he could not recall where in relation to the area for which KCSR owed him a duty of care that the asphalt was in such a state.

> Q: Other than the blacktop being higher than the tracks, did you see any other conditions that led you to believe it was going to be rough going across the crossing?
> A: Not that I can remember.
> Q: The high points in the asphalt, can you tell us where in relation to the cross ties for each set of tracks you saw those high points?
> A: I don't remember seeing no cross ties there.
> Q: Okay. How close were the high points to the tracks themselves?
> A: I can't—I don't know.
> Q: All right. Other than the high points in the blacktop that you've told us about, are there any other conditions that you recall observing there at this crossing in Vandervoot that led you to believe it was going to be rough going over it when you were eastbound?
> Q: Not that I can recall.

(*Id.*, p. 18). He also generally asserted that the asphalt in the road around the tracks was not in good condition. (*Id.*, p. 21) ("Going over the tracks the road was just real rough rippled."). These statements are not sufficient evidence to meet Mr. Donaldson's burden in order to avoid summary judgment.

The briefing submitted by Plaintiff's counsel as part of both his initial and supplemental responses is similarly inadequate in pointing to any evidence that KCSR breached its duty of care owed to Mr. Donaldson. Plaintiff summarizes his position in the conclusion of his responsive

4

brief, stating that "[i]t is the Defendant's crossing. The Defendant maintains it. The Plaintiff was hurt crossing the very tracks the Defendant maintains." (Doc. 17, p. 6). Yet, "[p]roof of an accident, with nothing more, is not sufficient to make out a claim for negligence." *Coca–Cola Bottling Co. v. Gill,* 100 S.W.3d 715, 724 (Ark. 2003); *see also Palsgraf v. Long Island R. Co*., 162 N.E. 99, 99 (N.Y. 1928) ("Proof of negligence in the air, so to speak, will not do.") (citation omitted). This is not a case of res ipsa loquitur. It is not sufficient to simply allege that Mr. Donaldson's injuries occurred while he was crossing the tracks maintained by KCSR.

The Court finds that because Mr. Donaldson has failed to make a sufficient showing that KCSR breached its duty of care owed to him, there is no genuine issue as to any material fact because he has not provided any proof as to this essential element of his case. Mr. Donaldson bears the burden of proof as to each of the elements of his negligence claim. At this stage, judgment in KSCR's favor is appropriate because "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The discovery deadline in this case has already passed. The only evidence provided to the Court by Mr. Donaldson in response to KCSR's motion is his deposition, from which the Court has outlined his inability to satisfy his burden of proof as to the breach element. As a result, "there can be no genuine issue as to any material fact, since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id*. at 323 (quotation omitted). This is not an instance of, as Plaintiff contends, the Court believing the sworn affidavits of one party while not believing the sworn testimony of another party. Rather, the Court's determination is based exclusively on Mr.

Donaldson's complete failure to satisfy his burden of proof on an essential element of his claim. Accordingly, judgment in KCSR's favor is warranted.

IT IS THEREFORE ORDERED that Defendant Kansas City Southern Railway Company's motion for summary judgment (Doc. 11) is GRANTED.  Plaintiff's claims are DISMISSED WITH PREJUDICE.

Judgment will be entered by separate order.

IT IS SO ORDERED, this 24th day of April, 2017.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE